## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BREEANNE BUCKLEY PENI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DAILY HARVEST, INC. and SECOND BITE FOODS, INC., d/b/a "STONE GATE FOODS",<br><br>Defendants. | Civil Action No. 22-cv-05443<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT |

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, Plaintiff Breeanne Buckley Peni ("Plaintiff" or "Named Plaintiff"), on behalf of herself and the Settlement Class Members; (2) Defendant Daily Harvest, Inc. ("Daily Harvest"); and (3) Defendant Second Bite Foods, Inc., d/b/a "Stone Gate Foods" (Daily Harvest and Stone Gate Foods being the "Settling Defendants" and together with Plaintiff, the "Settling Parties" or "Parties") have reached a proposed settlement and compromise of the disputes between them in the above action as set forth in the Class Action Settlement Agreement (the "Settlement Agreement," and the settlement contemplated thereby, the "Settlement");

WHEREAS, the Parties have applied to the Court for preliminary approval of the Settlement;

AND NOW, the Court, having read and considered the Settlement Agreement and accompanying documents, as well as the Motion for Preliminary Approval of Class Action Settlement and supporting papers, and all capitalized terms used herein having the meaning defined in the Settlement, IT IS HEREBY ORDERED AS FOLLOWS:

1.      Settlement Terms. The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement.

2.      Jurisdiction. The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3.    <u>Preliminary Approval of Proposed Settlement Agreement</u>. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Court also finds the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and guided in part by the Parties' mediations with United States Magistrate Judge Sarah L. Cave, and (b) appears to meet all applicable requirements of law, including, at least for purposes of a class action settlement, Fed. R. Civ. P. 23. Therefore, the Court grants preliminary approval of the Settlement.

4.    <u>Class Certification for Settlement Purposes Only</u>. For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, as described below:

> All persons in the United States (including its territories) who purchased, received, or consumed French Lentil + Leek Crumbles and directly suffered personal injuries caused by consumption of the Crumbles, <u>and</u> all persons in the United States (including its territories) who suffered consequential monetary damages arising from or related to another person's personal injuries arising from consumption of the Crumbles.

Excluded from the Settlement Class are: (1) the presiding judges in the Actions; (2) any member of those judges' immediate families; (3) the Settling Defendants; (4) any of the Settling Defendant's subsidiaries, parents, corporate affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

5.    The Court preliminarily finds for purposes of considering this Settlement that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the

claims of the Named Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) the Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.    <u>Class Representatives</u>. The Court orders that Breeanne Buckley Peni be appointed as the Representative Plaintiff.

7.    <u>Class Counsel</u>. The Court also orders that Marler Clark, Inc. PS, Dreyer Boyajian LLP, O'Connor & Partners, PLLC, Heisman Nunes & Hull LLP, and Bowersox Law Firm, P.C. be appointed Class Counsel. The Court preliminarily finds that the Representative Plaintiff and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Fed. R. Civ. P. 23.

8.    <u>Settlement Notice</u>. The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and accordingly, the Court, pursuant to Fed. R. Civ. P. 23(c) and (e), preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement. The Court approves, as to form and content, the notice and claim form substantially in the form attached to the Settlement Agreement.

9.    The Court finds that the Parties' plan for providing notice to the Settlement Class (the "Settlement Notice") described in the Settlement Agreement constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  The Court directs that the Settlement Notice Date should occur no later than 20 business days from the date of this Order, or ⟨struck-through text⟩

10.    The Court further finds that the Settlement Notice adequately informs members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be

bound by the terms of the Settlement Agreement. Any member of the Class who desires to be excluded from the Settlement Class, and therefore not bound by the terms of the Settlement Agreement, must submit a timely and valid written Request for Exclusion pursuant to the instructions set forth in the Settlement Notice.

11.     <u>Settlement Administrator</u>. The Court appoints Edgar Gentle of Gentle Turner & Benson, LLC, P.O. Box 361930, Hoover, AL 35236-1930 as the Settlement Administrator. Edgar Gentle shall be required to perform all duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. The Settlement Administrator shall post the Settlement Notice on the Settlement Website.

12.     <u>Exclusion from the Settlement Class.</u> Class Members who wish to opt out of and be excluded from the Settlement must follow the directions in the Class Notice and submit a Request for Exclusion to the Settlement Administrator, postmarked no later than the Opt-Out Deadline, which is 35 days after the Notice Date. The Request for Exclusion must be personally completed and submitted by the Class Member or his or her attorney.  One person may not opt someone else out, and so-called "mass" or "class" opt-outs shall not be permitted or recognized. The Settlement Administrator shall periodically notify Class Counsel and Settling Defendants' counsel of any Requests for Exclusion.

13.     All Class Members who submit a timely, valid Request from Exclusion will be excluded from the Class and will not be bound by the terms of the Settlement Agreement, will not be bound by the release of any claims pursuant to the Settlement Agreement or any judgment, and will not be entitled to object to the Settlement Agreement or appear at the Final Approval Hearing. All Class Members who do not submit a timely, valid Request for Exclusion will be bound by the Settlement Agreement and the Judgment, including the release of any claims pursuant to the Settlement Agreement.

14.     <u>Hold Back Amount</u>. The Settlement Administrator shall provide a full and complete list of Opt-Out requests ("Opt-Out List") to the Settling Defendants' Counsel and to Class Counsel by [————————][within five (5) business days after the Opt-Out Deadline].  The Settling

Defendants shall use the Opt-Out List to determine the amount, if any, that they will hold back from payment into the Qualified Settlement Fund after entry of the Order for Final Approval to cover the Settling Defendants' reasonable material exposure relative to the potential litigation, arbitration or claims by the Opt-Outs ("Hold Back Amount"). The Settling Defendants must identify the Hold Back Amount to the Settlement Administrator and Plaintiff's Class Counsel by [~~            ~~][fourteen (14) days after the Opt-Out List deadline].

15.    In the event that the Settling Defendants determine that the Hold Back Amount should exceed ten (10) percent of the Total Settlement Fund Value, and if Plaintiff and Class Counsel do not agree that the amount is reasonable, then the Parties shall engage in good faith negotiations, employing the assistance of Magistrate Judge Sarah L. Cave, if needed, to reach agreement on any Hold Back Amount exceeding ten (10) percent of the Total Settlement Fund Value. The Objection Deadline and other deadlines addressed within this Order shall be extended during the period of such good faith negotiations and the Settlement Administrator shall post this information about the extension of deadlines on the Settlement Website. If necessary, based on an extended period of negotiations—which the Parties shall work in good faith to avoid—the Settling Parties shall inform the Court of the need to postpone the Final Approval Hearing, and the Settlement Administrator shall post to the Settlement Website information about any adjourned date for that hearing.

16.    <u>Objections to the Settlement</u>. Any objection to the Settlement must be in writing, postmarked on or before the Objection Deadline, which is 75 days from the Notice Date, unless extended due to Settling Defendants' Hold Back Determination, herein Sections 14 and 15, and sent to the Settlement Administrator at the address set forth in the Class Notice. Any objection regarding or related to the Settlement must contain (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) information sufficient to identify and contact the objecting Class Member or his or her attorney if represented, (iii) information sufficient to establish the person's standing as a Settlement Class Member, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v)

identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement in any court in the United States in the previous five (5) years, the general nature of such prior objection(s), and the outcome of said prior objection(s), (vi) the objector's signature, and (vii) the signature of the objector's counsel, if any. Upon Court order, the Parties will have the right to obtain document discovery from and take depositions of any Objecting Class Member on topics relevant to the Objection.

17.    If a Class Member submits both an Opt-Out Form and Objection, the Settlement Administrator will contact the Class Member to confirm the Class Member's wishes. In the event of non-response or doubt, such person will be deemed to have opted out of the Settlement, and thus to be ineligible to object. Any objecting Class Member who has not been opted out of the settlement will be bound by the terms of the Settlement Agreement if the Agreement becomes final according to its terms.

18.    Objecting Class Members may appear at the Final Approval Hearing and be heard. If an objecting Class Member chooses to appear at the Final Approval Hearing, a notice of intention to appear must be filed with the Court or postmarked no later than the Objection Deadline.

19.    Any Settlement Class Member who does not make a valid written objection as set forth by the Settlement shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of or from seeking review by any means, including an appeal, of the following: the Settlement, the Settlement Agreement, the payment of attorneys' fees and costs, service award, or the Final Approval Order and Judgment.

20.    Submission of Claims. To receive a Settlement Benefit, a Settlement Class Member must follow the directions in the Settlement Notice and file a claim with the Settlement Administrator by the Claims Deadline, which is 75 days after the Notice Date, unless extended due to Settling Defendants' Hold Back Determination, herein Sections 14 and 15. Settlement Class

Members who do not submit a valid claim will not receive a Monetary Benefit and will be bound by the Settlement.

21.    <u>Schedule of Events</u>. The following events shall take place as indicated in the chart below:

| Event | Date |
|---|---|
| Deadline for Settlement Website to go live | The Settlement Administrator shall activate the Settlement Website for public accessibility no earlier and no later than the Notice Date. |
| Deadline to commence Settlement Notice ("Notice Date") | Within 20 business days after entry of the Preliminary Approval Order. |
| Deadline for Opt-Out Requests to be postmarked | 35 calendar days following the Notice Date |
| Deadline for Objections to be postmarked | 75 calendar days following the Notice Date, unless extended due to Settling Defendants' Hold Back Determination, herein Sections 14 and 15 |
| Deadline for Settlement Administrator to provide the Opt-Out List | 5 business days following the Opt-Out Deadline |
| Deadline for Settling Defendants to Identify Hold Back Amount | 14 calendar days following receipt of Opt-Out List |
| Deadline for Claim Forms to be postmarked or submitted online | 75 calendar days following the Notice Date, unless extended due to Settling Defendants' Hold Back Determination, herein Sections 14 and 15 |
| Deadline for Plaintiff to file motion for final approval of class action settlement | 14 days prior to Final Approval Hearing |
| Deadline for Parties to file all papers in response to any timely and valid Objections | 15 business days prior to Final Approval Hearing |
| Final Approval Hearing | 143 calendar days after preliminary approval of class action settlement |

22.    The Court notes that the various deadlines set forth above have been set because of the potential need for a Hold Back Amount. The Court is requiring any Settlement Class Members who wish to opt out of the Settlement to do so within 35 days of the Notice Date. The deadline for Settlement Class Members to file Claim Forms and/or to object to the settlement, by contrast,

will not fall until after the Hold Back Amount (if any) has been determined and after notice of the Hold Back Amount has been communicated on the Settlement Website.

23.    <u>Authority to Extend</u>. The Court may, for good cause, extend any of the deadlines set forth in this Order, or adjourn the Final Approval Hearing, without further notice to the Settlement Class Members other than posting on the Settlement Website.

24.    If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline to the Court.

25.    <u>Notice to Appropriate Federal and State Officials</u>. Settling Defendants shall, within ten (10) business days of having filed their motion for preliminary approval, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class Members reside, as specified in 28 U.S.C. § 1715. Class Counsel shall cooperate in the drafting of such notices and shall provide Settling Defendants with any and all information in their possession necessary for the preparation of these notices.

26.    <u>Preliminary Injunction</u>. Plaintiff, Settlement Class Members, and any other person, representative, or entity acting on behalf of any Settlement Class Members are, until the Final Approval Hearing, barred and enjoined from (a) filing, commencing, prosecuting, maintaining, or intervening in (as members of a class or otherwise) any claim, lawsuit, arbitration, administrative, regulatory, or other proceeding arising out of the Released Claims against any of the Released Parties; and (b) organizing or soliciting the participation of any Settlement Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding arising out of the Released Claims against any of the Released Parties. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

27.    <u>Final Approval Hearing</u>. The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on a date no earlier than 143 days after the Preliminary Approval Order.  At the Final Approval Hearing, the Court shall address whether the proposed Settlement should be finally approved as fair, reasonable and adequate, including the approval of any attorney's fees or expenses, and whether the Final Approval Order and Judgment should be entered.

28.    <u>In the Event of Non-Approval</u>. In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this civil action or in any other case or controversy; in such event the Settlement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement.

29.    <u>Stay of Proceedings</u>. All Settlement Class Members are, until the Final Approval Hearing, enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for Exclusion as defined in the Settlement Agreement. For avoidance of doubt, this stay does not apply to claims asserted by Settlement Class Members against Non-Settling Defendants or to claims as between the Settling Defendants and Non-Settling Defendants. All discovery deadlines in related cases remain in effect.

30.    <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Settling Defendants. Furthermore, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by the Settling

Defendants, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

31.    <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

Dated: _May 22, 2024_

_____
The Honorable Denise Cote
United States District Judge