```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JULIE WATSON,                            :        23-cv-10265 (DLC)
                                         :        22-CV-05443 (DLC)
                              Plaintiff, :
                                         :              ORDER
            -v-                          :
                                         :
                                         :
SECOND BITE FOODS, INC. d/b/a "STONE     :
GATE FOODS," and SMIRK'S LTD             :
                                         :
                             Defendants. :
                                         :
---------------------------------------- X
                                         :
BREEANNE BUCKLEY PENI, individually      :
and on behalf of all others similarly    :
situated,                                :
                                         :
                              Plaintiff, :
                                         :
            -v-                          :
                                         :
                                         :
DAILY HARVEST INC., et al.,              :
                                         :
                             Defendants. :
---------------------------------------- X
```

DENISE COTE, District Judge:

The Clerk of Court received an objection to the proposed

class action settlement on July 30, 2024.  A copy of the

objection is attached to this Order.  Accordingly, it is hereby

ORDERED that the objection shall be docketed.

Dated:    New York, New York
          August 5, 2024

_____
          DENISE COTE
     United States District Judge

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE WATSON,<br><br>  Plaintiff,<br><br>v.<br><br>SECOND BITE FOODS, INC. d/b/a "STONE GATE FOODS," and SMIRK'S LTD.,<br><br>  Defendants. | Case No: 1:23-cv-10265 (DLC) |
| BREEANNE BUCKLEY PENI, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SECOND BITE FOODS, INC. d/b/a "STONE GATE FOODS," and SMIRK'S LTD.,<br><br>  Defendants. | Case No: No. 22-cv-05443 (DLC) |

## PRELIMINARY OBJECTION TO PROPOSED CLASS SETTLEMENT

Plaintiff and Class Member Julie Watson submits this preliminary objection to the proposed class settlement on the following grounds:

### 1. The Damages Matrix Contains a Large Gulf Between Category 3 and Category 4

Under Category 3, a plaintiff who was hospitalized for any length of time is eligible for $30,000 and, under Category 4, a plaintiff who received a cholecystectomy is eligible for $130,000. *See* Dkt. 67-8.

However, Ms. Watson spent nearly a week in the hospital and had to undergo evasive and uncomfortable medical procedures, though not a cholecystectomy. But there is no category between 1 day of hospitalization and 7 that would entitle Ms. Watson to a more commensurate payment without having to rely on the administrator's discretion.

Ms. Watson objects that there should have been a step between Category 3 and 4.

## 2. The Opt-Out Date Occurs Before a Plaintiff would Have Enough Information to Know what Their Payment would be under the Administrator's Discretion in Category 5

The proposed settlement forces a plaintiff to opt-out before knowing what their settlement would be. As discussed above, this is particularly a problem for those with extensive hospitalization. While Category 3 provides for "an enhancement for the number of days of hospitalization," that enhancement is subject to the administrator's sole discretion and a plaintiff would have no idea if they will receive an enhancement until after the opt-out deadline. Plaintiffs should not be forced to roll the dice without more information.

## 3. The Proposed Settlement Does Not Identify Objective Criteria as to Hospital Stay Enhancements under Category 5

Compounding the above objections, there is a lack of transparency on how the administrator will exercises his discretion to award enhancements for each day in the hospital. There is no objective guidance on how much each additional day in the hospital is worth. The settlement should list how much enhancement each day in the hospital is worth or at least provide a guiding range. As written, the enhancement is too subjective. This lack of clarity and objective factors makes it difficult for a plaintiff to decide whether to opt-out at this stage.

For plaintiffs like Ms. Watson with long hospital stays and invasive procedures this unbridled discretion makes it difficult to opt-out or stay in the settlement class without more

information. While Category 5 does list factors that could warrant enhancement, it also states that

such factors "do not require enhancement for any given claim." *Id.* at 4.

### 4.   Ms. Watson will Supplement this Objection by the Objection Deadline

This is a preliminary objection. Ms. Watson plans to file a further objection and legal brief

before the objection deadline of September 2, 2024, which will include all the required information

for her objection, including the statement of facts identifying her membership in the class and all

information requested in the claim form. However, Ms. Watson desires to note her objection before

the opt-out date of July 24, 2024 given that her objections involve how the opt-out dates relates to

the award matrix.

Dated: Rockville, MD

July 24, 2024

*/s/ William W. Cowles*

By: NIDEL & NACE, P.L.L.C.

William W. Cowles II, Esq. (WC3462)
Jonathan Nace, Esq. (to be admitted PHV)
One Church Street, Suite 802
Rockville, MD 20850
Tel.: (202) 780-5153
Fax: (202) 780-5153
will@nidellaw.com

## Certificate of Service

This is to certify that on this 24th day of July 2024 I caused a copy of the foregoing to be served via certified mail, return receipt upon the following:

Clerk of Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007

Settlement Administrator
P.O. Box 361930
Hoover, AL 35236


*/s/ William W. Cowles*