**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BREEANNE BUCKLEY PENI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 22-cv-05443 |
| Plaintiff, | **FINAL JUDGMENT** |
| v. | |
| DAILY HARVEST, INC. and SECOND BITE FOODS, INC., d/b/a "STONE GATE FOODS", | |
| Defendants. | |

WHEREAS, on June 27, 2022, plaintiff Breeanne Buckley Peni filed a Class Action Complaint alleging Strict Liability, Breach of Warranty, and Negligence against Daily Harvest, Inc., in the Southern District of New York in a case styled *Breeanne Buckley Peni, individually and on behalf of all others similarly situated, v. Daily Harvest, Inc.*, Case No. 1:22-cv-05443.

WHEREAS, Plaintiff's Motion for Final Approval of Class Action Settlement came on for hearing before this Court on October 15, 2024, with Class Counsel Marler Clark, Inc. PS, Dreyer Boyajian LLP, O'Connor & Partners, PLLC, Heisman Nunes & Hull LLP, and Bowersox Law Firm, P.C. ("Class Counsel") appearing on behalf of Breeanne Buckley Peni ("Class Representative" or "Plaintiff"), Faegre Drinker Biddle & Reath LLP appearing on behalf of Daily Harvest, Inc. ("Daily Harvest"), and Wilson Elser Moskowitz Edelman & Dicker LLP appearing on behalf of Second Bite Foods, Inc., d/b/a "Stone Gate Foods" ("Stone Gate"; together with Daily Harvest the "Settling Defendants") (collectively, the "Settling Parties" or "Parties").

The Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. <u>Incorporation of Other Documents</u>. The Class Action Settlement Agreement, including its exhibits, and the definitions of words and terms contained therein are incorporated

by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.    <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons in the United States (including its territories) who purchased, received, or consumed French Lentil + Leek Crumbles and suffered personal injuries caused by consumption of the Crumbles, <u>and</u> all persons in the United States (including its territories) who suffered consequential monetary damages arising from or related to another person's personal injuries arising from consumption of the Crumbles.

Excluded from the Settlement Class are: (i) any governmental entity; (ii) subsidiaries, divisions, corporate affiliates, owners, officers, current employees, and directors of the Settling Defendants; (iii) any assigned judges and members of their staffs and immediate families; and (4) Class Counsel. Also excluded are the eight individuals who validly opted out of the Settlement Class: Ilene Cohen, Leigh Gervasi, Heather Hostetler, Linda Jahner, Courtney Lasky, Mirta Ribas, Heather Ryan, and Deborah Stroh.

3.    <u>Class Certification</u>. The Court finds that the Settlement Class, as defined above, meets the requirements for class certification for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3), and it is hereby ordered that the Class is certified for settlement purposes.

4.    The Court finds that Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

a.    The Settlement Class is so numerous that joinder of all members is impracticable;

b.    There are questions of law or fact common to the Settlement Class;

c.    The claims of the Class Representative are typical of the claims of the Settlement Class;

d.    The Class Representative fairly and adequately protected the interests of the Settlement Class and is, therefore, appointed as Class Representative;

e.    Marler Clark, Inc. PS, Dreyer Boyajian LLP, O'Connor & Partners, PLLC, Heisman Nunes & Hull LLP, and Bowersox Law Firm, P.C. fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel;

f.    The questions of law and fact common to the Settlement Class predominate over the questions affecting only individual members; and

g.    A class action is superior to other available methods for fairly and efficiently adjudicating the settlement of this controversy.

5.    <u>Arms-Length Negotiations</u>. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the value of the Settlement, and the relative risks and benefits of further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including mediations.

6.    <u>Class Notice</u>. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied. The Court finds that the approved Notice Plan has been satisfactorily implemented.

7.    The Court finds that distribution of the Notice in the manner set forth in the Settlement Agreement constituted valid, due, and sufficient notice to all members of the Class. The Court finds that such notice complies with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws. The Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Class and the Settlement; and (4) the location and date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

3

8.      Whereas the Settlement Agreement provides monetary benefits and other consideration to the Settlement Class as follows: Settling Defendants agreed to provide cash benefits with a gross payout value of $22,999,000 (twenty-two million, nine hundred and ninety-nine thousand dollars) in the aggregate plus the assignment of the Settling Defendants' and the Settling Insurers' indemnity claims against the Non-Settling Defendants. $1,000,000.00 of the cash benefit was held back by the Settling Defendants, pursuant to the terms of the Settlement Agreement, based on the amount the Settling Defendants reserved for the claims of Class Members who opted out of the Settlement. The balance of any Hold Back Amount shall be deposited into the Settlement Fund after the Settling Defendants litigate to conclusion or otherwise resolve the claims of those who have opted out of the Settlement, or after two years from the date of this Final Judgment, whichever is sooner. In the event the Settlement Class recovers on the assigned indemnity claims against the Non-Settling Defendants, the net recovery shall also be deposited into the Settlement Fund.

9.      The Court finds that the settlement treats Settlement Class Members equitably relative to one another.

10.     The net Settlement Funds will be distributed to Class Members who file a Claim Form and meet the Eligibility Requirements for the payment of a Monetary Benefit. Each Claim Form shall be evaluated by the Settlement Administrator pursuant to the Allocation Matrix to determine the amount of the Monetary Benefit award.

11.     A Claimant who disagrees with the ruling of the Settlement Administrator may appeal to the Court within fourteen (14) days of the Settlement Administrator's determination on appeal by submitting a written statement to the Court at United States District Court for the Southern District of New York, Attn: Hon. Denise Cote, Dkt. No. 22cv5443, 500 Pearl Street, New York, New York 10007, outlining the Claimant's position and why the Claimant believes the Settlement Administrator has erred.

12.     Attorneys' Fees. Neither Class Counsel nor any other attorney representing a Settlement Class Member or an individual who opts out shall be entitled to an award of attorney's

4

fees directly from the Settlement Fund. Neither the Settling Defendants nor any other Released Party shall have any responsibility for the payment of any Plaintiffs' or Class Members' past or future attorneys' fees or costs. The Settlement Administrator shall make any Settlement Benefit owed to a Claimant payable in the name of the Claimant and/or their attorneys for the Claimant's benefit (if any).

13.     If a Class Member is not represented by counsel and does not have an attorney lien resulting from previous representation relating to the Litigation, then any Monetary Benefit awarded to said Unrepresented Claimant shall be reduced by one-third (1/3). The Court finds that this reduction is necessary to treat each Class Member equitably.

14.     Class Counsel Expenses.  Class Counsel's request for reimbursement of expenses in the amount of $33,333.33 that were incurred to provide the Class Notice is approved and shall be paid from the Settlement Fund.

15.     Dismissal. This Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiff and all members of the Settlement Class as against Settling Defendants on the terms and conditions set forth in the Settlement Agreement without costs to any party, except as expressly provided for in the Settlement Agreement.

16.     Release. Upon the Effective Date as defined in the Settlement Agreement, the Plaintiff and every Settlement Class Member unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representative afforded under Section 1542 of the California Civil Code and any other similar, comparable, or equivalent laws, are terminated.

17.     Injunction Against Released Claims. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

5

18. <u>Dismissal of Non-Settling Defendants' Contribution and Indemnity Claims Against Settling Defendants Arising from Class Members' Released Claims</u>. Pursuant to and consistent with New York General Obligations Law §15-108 or other comparable applicable law, the Settling Defendants are relieved from liability for indemnity or contribution to any Non-Settling Defendant in connection with the Class Members' released and barred claims, and any such claims or cross claims are fully and finally dismissed, released, barred or enjoined.

19. <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Settling Defendants or the Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated.

20. <u>Jurisdiction</u>. The Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. Without affecting the finality of this Final Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, distribution of funds, and enforcement of the Settlement.

21. The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement until the Settlement is fully and finally administered.

22. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Court.

Dated: October 25, 2024

_____
The Honorable Denise Cote
United States District Judge

6