UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Breeanne Buckley Peni, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br> v.<br><br>DAILY HARVEST, INC. and SECOND BITE FOODS, INC. d/b/a "STONE GATE FOODS", SMIRK'S LTD., AND MOLINOS ASOCIADOS,<br><br>         Defendants. | Civil Action No.<br>22-cv-05443<br>Honorable Denise Cote |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF MANNER OF
DISTRIBUTION OF NET SETTLEMENT FUND**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 2

LEGAL STANDARD.................................................................................................................. 2

ARGUMENT ............................................................................................................................... 3

   A. The *Grinnell* Factors Favor Granting Final Approval of the Settlement ............................... 3

      1. Complexity, Expense, and Likely Duration of the Litigation............................................ 3

      2. Reaction of the Class to the Settlement and Objections ...................................................... 4

      3. Stage of the Proceedings and the Amount of Discovery Completed................................. 5

      4. Risks of Establishing Liability and Damages .................................................................... 5

      5. Maintaining Class-Action Status through Trial Presents a Substantial Risk ..................... 6

      6. Ability of Defendant to Withstand a Greater Judgment .................................................... 6

      7. Range of Reasonableness of the Settlement Fund Considering the Best Possible Recovery and all the Attendant Risks of Litigation ......................................................................... 7

   B. The Settlement Distribution Method is Fair and Adequate.................................................... 7

   C. The Court Should Grant Final Certification of the Settlement Class.................................... 8

   D. Notice to the Settlement Class was Sufficient ...................................................................... 9

   E. Plaintiff and Proposed Counsel Should be Appointed as Class Representative and Class Counsel ................................................................................................................................ 9

   F. Proposed Reduction of Settlement Funds for Unrepresented Claimants' Attorneys' Fees is Reasonable ...........................................................................................................................10

CONCLUSION.......................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) .............................................................. 2

*Baudin v. Res. Mktg. Corp., LLC*, No. 119-CV-386 MAD-CFH, 2020 WL 4732083 (N.D.N.Y. Aug. 13, 2020) ............................................................................................................................ 5

*Castagna v. Madison Square Garden, L.P.*, 2011 WL 2208614 (S.D.N.Y. June 7, 2021) ............ 5

*Christine Asia Co. v. Jack Yun Ma*, 2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ........................ 6

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.1974) .................................................. 2, 3

*Flores v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2014 WL 321831 (S.D.N.Y. Jan. 29, 2014) ....... 6

*In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740 (E.D.N.Y. 1984) ............................... 7

*In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000) ................ 4

*In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151 (S.D.N.Y. 2011) ............................ 7

*In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) ............................... 5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483 (S.D.N.Y. 2018) ............... 7

*In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132 (2d Cir.1998) .............................................. 3

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 527 F. Supp. 3d 269 (E.D.N.Y. 2021) ........................................................................................................................ 9

*In re Vitamin C Antitrust Litig.*, No. 06MD–1738 (BMC)(JO), 2021 WL 5289514 (E.D.N.Y. Oct. 23, 2021) ........................................................................................................... 6

*Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000) ................................................................... 2

*Kommer v. Ford Motor Co.*, No. 117CV0296LEKDJS, 2020 WL 7356715 (N.D.N.Y. Dec. 15, 2020) .......................................................................................................... 6

*Maley v. Del Global Tech Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ....................................... 5

*McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 CIV. 8713 (PGG), 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) ............................................................................. 6

*Spack v. Trans World Ent. Corp.*, No. 117CV00553TJMCFH, 2021 WL 1398928
  (N.D.N.Y. Apr. 14, 2021) ................................................................................................ 3

*Spann v. AOL Time Warner Inc.*, 02-cv-8238 DLC, 2005 WL 1330937
  (S.D.N.Y. June 7, 2005) ................................................................................................. 3

*Story v. SEFCU*, No. 118-CV-764 MAD, 2021 WL 736962 (N.D.N.Y. Feb. 25, 2021) ............... 4

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) ...................................... 2, 3

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... 2, 9

## INTRODUCTION

Plaintiff Breanne Buckley Peni, through the undersigned proposed Class Counsel, hereby move for a final order approving the Class Action Settlement with defendants Smirk's Ltd. ("Smirk's"), and Molinos Asociados SAC ("Molinos"). The Court preliminarily approved the Settlement on October 9, 2024. (Doc. 110). The Settlement Administrator signed a Certification of Compliance with the provisions of the Preliminary Order on February 10, 2025 (Exhibit 9)

The proposed Settlement Agreement ("SA") resolves all litigation against defendants Smirk's and Molinos (the "Settling Defendants") arising out of plaintiff's and the putative Class Members' consumption of Daily Harvest's French Lentil + Leek Crumbles ("the Product" or "the Crumbles"). The Product was manufactured for Daily Harvest by Stone Gate Foods using an ingredient known as tara flour. This tara flour was supplied to Stone Gate Foods by Smirk's, which sourced it from Molinos. Plaintiff alleges that consumption of the tara-flour containing Product caused Plaintiff to experience injury.

As set forth in the Settlement Agreement, the settlement has a total value of seven million, six hundred and seventy-one thousand dollars ($7,671,000.00). It is the result of extensive arm's length negotiations between the Settling Parties and their counsel, including multiple mediation conferences, both in-person and telephonically, before Magistrate Judge Sarah L. Cave and retired NAM Judge Peter B. Skelos.

As discussed below and in the accompanying Joint Declaration of Class Counsel William D. Marler, James R. Peluso, and Jeffrey A. Bowersox dated February 14, 2025 ("Joint Decl."), the Settlement is fair, reasonable, and achieves an excellent result in a complex, high-risk, hard-fought case that provides a substantial financial recovery for all Class Members. It closely mirrors the class action settlement between Plaintiff and Defendants Daily Harvest and Stone Gate Foods,

which the Court has already approved, with one key difference—this Settlement includes two holdbacks, compared to one in the Daily Harvest-Stone Gate Settlement. The Class Members, proposed distribution system (adjusted pro rata due to a smaller fund), and the proposed timing are substantially the same between the two settlements.

"Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Here, the parties have agreed to a class settlement mechanism to resolve the hundreds of individual personal injury claims. The settlement globally resolves these claims without the need to litigate, at hundreds of individual trials in court or arbitration, issues of proof specific to any class member, such as causation or damages. The class mechanism allows all putative Class Members to join the Settlement and will provide certainty and finality to those Class Members who do not opt-out. As conditionally approved by the Court, the terms of the Settlement are fair, adequate, and reasonable.

Accordingly, plaintiff and her counsel request that the Court enter final judgment approving the Settlement. (Ex. 6, Proposed Final Judgment).

## FACTUAL AND PROCEDURAL BACKGROUND

The Court is respectfully referred to the Joint Declaration of Class Counsel dated October 2, 2024 for a recitation of the factual and procedural background.

## LEGAL STANDARD

Under Rule 23, "[a] court may approve a class action settlement if it is 'fair, adequate, and reasonable, and not a product of collusion.'" *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)). The *Grinnell* factors provide an analytical framework for evaluating the substantive fairness of the settlement.

*See Spann v. AOL Time Warner Inc.*, 02-cv-8238 DLC, 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005); *See also Spack v. Trans World Ent. Corp.*, No. 117CV00553TJMCFH, 2021 WL 1398928, at *2 (N.D.N.Y. Apr. 14, 2021).[1] These factors are:

1) The complexity, expense, and likely duration of the litigation;

2) the reaction of the class to the settlement;

3) the stage of the proceedings and the amount of discovery completed;

4) the risks of establishing liability;

5) the risks of establishing damages;

6) the risks of maintaining the class action through the trial;

7) the ability of the defendants to withstand a greater judgment;

8) the range of reasonableness of the settlement fund in light of the best possible recovery; and

9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). There is a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc.*, 396 F.3d at 116 (quoting *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir.1998)).

## ARGUMENT

**A. The *Grinnell* Factors Favor Granting Final Approval of the Settlement.**

**1. Complexity, Expense, and Likely Duration of the Litigation.**

---

[1] The Rule 23 Advisory Committee Notes to the 2018 amendments state that the revised Rule 23 factors were intended to focus rather than displace the *Grinnell* factors. See Rule 23(e)(2), Advisory Committee Notes (2018) ("The goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.").

"Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *Story v. SEFCU*, No. 118-CV-764 MAD, 2021 WL 736962, at *8 (N.D.N.Y. Feb. 25, 2021) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd* 236 F.3d 78 (2d Cir. 2001)). Here, the Settlement resolves the coordinated Daily Harvest Litigation involving consumers nationwide who suffered illness after consuming the Crumbles. This case involved novel issues of fact and law related to the food ingredient tara flour. The ensuing litigation resulted in extensive and complex pleadings, motion practice, fact and expert discovery, as well as developing science and promulgations by federal regulatory authorities. The Parties have determined that the Settlement is preferable to continuing litigation, motion practice, and trial. As such, this factor favors granting final approval of the Settlement.

**2. Reaction of the Class to the Settlement and Objections.**

The Settlement has the overwhelming support of the Class Members and their counsel. Over 3,700 claims forms were filed on behalf of class members seeking to participate in the settlement, of which approximately 500 claimants are represented by counsel. (Exhibit 9) Declaration of Edgar C. Gentle, III dated February 10, 2025 at ¶ 8). Importantly, as of the Objection Deadline on January 21, 2025, no objections were received by the Settlement Administrator or filed with the Court. (Exhibit 9, Declaration of Edgar C. Gentle, III at ¶ 7). It should also be noted that this settlement parallels the class action settlement previously approved by this Court with the "former" co-defendants Daily Harvest, Inc. and Second Bite Foods, Inc. The Class Members in both settlements are identical, yet the complete lack of objections to this settlement highlights the even stronger support from the Class Members here. This factor also favors granting final approval of the preliminarily approved Settlement.

4

3. **Stage of the Proceedings and the Amount of Discovery Completed.**

As noted above, the Parties have engaged in significant fact and expert discovery, including document and witness discovery; depositions; exchange of scientific studies about the use of tara flour in food; disclosure of medical records for hundreds of claimants; engaging doctors, epidemiologists, and scientific experts regarding the causal link between exposure to tara flour and the Class Members' physical injuries; and the preparation and disclosure of expert reports. Additionally, the Parties participated in multiple settlement conferences facilitated by Hon. Sarah L. Cave, Magistrate Judge and retired NAM Judge Peter B. Skelos. At the conclusion of two full-day mediation sessions, the Settling Parties agreed in principle to settle the claims against Smirk's and Molinos. The Parties then executed a Settlement Term Sheet, subject to the negotiation of the Settlement Agreement and Court approval. For these reasons, this factor also weighs in favor of approval of the Settlement.

4. **Risks of Establishing Liability and Damages.**

When considering this factor, "the Court need only assess the risks of litigation against the certainty of recovery under the proposed settlement." *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004); *Baudin v. Res. Mktg. Corp., LLC*, No. 119-CV-386 MAD-CFH, 2020 WL 4732083, at *8 (N.D.N.Y. Aug. 13, 2020), *on reconsideration in part*, No. 119-CV-386 MAD-CFH, 2020 WL 6131758 (N.D.N.Y. Oct. 19, 2020). "In assessing the settlement, the Court should balance the benefits afforded to members of the Class and the immediacy and certainty of a substantial recovery for them against the continued risks of litigation." *Castagna v. Madison Square Garden, L.P.*, 2011 WL 2208614, at *6 (S.D.N.Y. June 7, 2021) (citing *Maley v. Del Global Tech Corp.*, 186 F. Supp. 2d 358, 364 (S.D.N.Y. 2002)). Indeed, courts have recognized that "[l]itigation inherently involves risks." *Id.* Here, risks remain to both sides in

5

continuing litigation. The Settling Defendants likely planned motions to preclude experts and for summary judgment on issues of liability, causation and damages. Accordingly, this factor weighs in favor of approving the Settlement.

5. **Maintaining Class-Action Status through Trial Presents a Substantial Risk.**

"The risk of maintaining class status throughout trial [] weighs in favor of final approval." *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 CIV. 8713 (PGG), 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010). The Settling Defendants could still move to decertify the class or narrow the class before trial or on appeal, as class certification may be reviewed at any stage of the litigation. *See Christine Asia Co. v. Jack Yun Ma*, 2019 WL 5257534, at *13 (S.D.N.Y. Oct. 16, 2019) (stating that this risk weighed in favor of final approval because "a class certification order may be altered or amended any time before a decision on the merits").

6. **Ability of Defendant to Withstand a Greater Judgment.**

A "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Flores v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2014 WL 321831, at *6 (S.D.N.Y. Jan. 29, 2014) (citation omitted); *Kommer v. Ford Motor Co.*, No. 117CV0296LEKDJS, 2020 WL 7356715, at *5 (N.D.N.Y. Dec. 15, 2020) (agreeing defendant could pay a greater judgment "[b]ut by itself, this fact has little significance."). This factor alone is not an impediment to settlement when other factors favor the settlement. *See In re Vitamin C Antitrust Litig.*, No. 06MD–1738 (BMC)(JO), 2021 WL 5289514, at * 6 (E.D.N.Y. Oct. 23, 2021) (acknowledging that "in any class action against a large corporation, the defendant entity is likely to be able to withstand a more substantial judgment, and [...] this fact alone does not undermine the reasonableness of the instant settlement.").

Whether Smirk's and Molinos may have the ability to withstand a greater judgment (which

is questionable), the outstanding result—a $7,671,000 settlement—is still fair, reasonable, and adequate to compensate the proposed Settlement Class, and weighs in favor of granting final approval.

### 7. Range of Reasonableness of the Settlement Fund Considering the Best Possible Recovery and all the Attendant Risks of Litigation.

"The adequacy of the amount offered in settlement must be judged not 'in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case.'" *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). Here, the gross value of the proposed Settlement represents the full limits of the Settling Defendants' insurance policies. The Settlement confers a substantial and real benefit on the Class Members in a novel product liability food poisoning case as opposed to unclear results and risks of further litigation, motion practice, trials, appeals, and potential inconsistent judgments.

Achieving certainty and a meaningful return for injured Class Members in the near term, while trial and appellate courts across the country mull the metes and bounds, and ultimate viability, of the claims, is especially notable because there exists the possibility of recovering nothing at all. This factor weighs in favor of final approval.

### B. The Settlement Distribution Method is Fair and Adequate.

"To warrant approval, the plan of allocation must also meet the standards by which the settlement was scrutinized—namely, it must be fair and adequate." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 496 (S.D.N.Y. 2018) (quoting *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 163 (S.D.N.Y. 2011)). Here, the proposed allocation of the Settlement proceeds is fair, falls within the range of reasonableness, and was the product of arm's-length negotiations by class counsel and other counsel representing over 450 claimants.

7

The Allocation Matrix (Ex. 4) compensates claimants by category on a pro-rated basis as follows: (1) $166,000 to compensate categories 1A [not to exceed $165] and 1B [not to exceed $335]; (2) $1,445,000 to compensation claimants who received medical treatment without hospitalization [estimated at $5,000 each]; (3) $1,860,000 for hospitalized claimants [estimated at $10,000 each], (4) $1,400,000 to compensate cholecystectomy (gall bladder removal) claimants [estimated at $33,330 each plus an additional $10,000 for hospitalization under Category 3]; and (5) $2,825,000 for enhancement awards to further compensate eligible claimants. (Ex. 4, Allocation Matrix).

Based on Class Counsel's experience, the total settlement value is fair based on the fact that this is a limited fund settlement, and the category award amounts are reasonable in proportion to the total settlement value based on settlement awards in other foodborne illness cases. (Joint Decl., ¶¶ 56-57).

**C. The Court Should Grant Final Certification of the Settlement Class.**

In their Unopposed Motion for Preliminary Approval, Plaintiff requested that the Court certify the Settlement Class for settlement purposes only so that notice of the Settlement, the Fairness Hearing, and the rights of Settlement Class Members to object to or exclude themselves from the Settlement could be issued. For purposes of effectuating this Settlement, the Court should finally certify the Settlement Class which is defined as:

> All persons in the United States (including its territories) who purchased, received, or consumed French Lentil + Leek Crumbles and directly suffered personal injuries caused by consumption of the Crumbles, and all persons in the United States (including its territories) who suffered consequential monetary damages arising from or related to another person's personal injuries arising from consumption of the Crumbles.

(Ex. 1, Settlement Agreement, ¶ 1.12). Thus, for all the reasons set forth in Plaintiff's Unopposed Motion for Preliminary Approval, incorporated by reference (Doc. 85), Plaintiff respectfully

8

requests that the Court affirm its provisional certification and finally certify the Settlement Class for purposes of carrying out the Settlement and confirm plaintiff and Class Counsel's respective representative roles.

### D. Notice to the Settlement Class was Sufficient.

Under Rule 23, notice of the Settlement requires the "best notice that is practicable under the circumstances." *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 527 F. Supp. 3d 269, 273 (E.D.N.Y. 2021) (quoting Fed. R. Civ. P. 23(c)(2)(B)). Here, the Settlement Administrator sent the Settlement Notice previously approved by the Court on November 6, 2024, via email to a list of addresses provided by the Settling Defendants. (Exhibit 9, Decl. Gentle at ¶ 3). "Reports showed the following statistics: 6,294 (31%) opened, 482 (2%) clicked the linked Notice inside the email, 490 (2%) bounced back, and were subsequently mailed to the physical address found in the Class Notice list, and 43 (1%) unsubscribed from future email communications." *Id*. On January 7, 2025, the Settlement Notice was re-sent to remind potential class members of the approaching Claims Deadline of January 21, 2025. *See id*. A total of 3,777 claimants have filed a Claim Form seeking to participate in the Settlement. *Id. at* ¶ 8. The Settlement Administrator received three (3) valid opt out forms. *Id*. at ¶ 5. And as of January 21, 2025, the Objection Deadline, no objections were received by the Settlement Administrator, or filed with the Court. *Id*. at ¶ 7. Accordingly, the Notice program satisfied the Court's Order, was successful, and the response of the Class Members to the Settlement is overwhelmingly favorable.

### E. Plaintiff and Proposed Counsel Should be Appointed as Class Representative and Class Counsel.

The Court conditionally approved plaintiff and her counsel as Class Representative and Class Counsel. Again, plaintiff is represented by counsel experienced in class action litigation including directly analogous cases. (Joint Decl., at Ex. 7). Indeed, proposed Class Counsel have

9

been appointed class counsel in some of the largest outbreaks of food and waterborne illnesses in New York State and the nation. *See id.* at Ex. 7. Moreover, Class Counsel's work in this case on behalf of the plaintiff and putative class members in the Related Litigation has been substantial. As such, this Court should not hesitate in appointing Marler Clark, Inc. P.S., Dreyer Boyajian LLP, Heisman Nunes & Hull LLP, O'Connor & Partners, PLLC, and Bowersox Law Firm P.C. as Class Counsel.

### F. Proposed Reduction of Settlement Funds for Unrepresented Claimants' Attorneys' Fees is Reasonable.

Class Counsel are not requesting an award of attorneys' fees directly from the Settlement Fund. Rather, Class Counsel and the attorneys for individual Class Members shall be compensated pursuant to the retainer agreements between Plaintiffs, Class Members, and their respective counsel. (SA ¶ 55). If a Class Member is not represented by counsel and does not have an attorney lien resulting from previous representation relating to the Crumbles, then any Monetary Benefit awarded to said Unrepresented Claimant shall be reduced by one-third (1/3) under the terms of the Settlement Agreement. In effect, Class Counsel is requesting that the Court impose a 1/3 attorney's fee award for any Monetary Benefit paid to Unrepresented Claimants, however, that the value of said fee award be deposited back into the Settlement Fund. Class Counsel submits that the proposed 1/3 reduction represents a fair method of allocating the Settlement Funds to Unrepresented Claimants and treats each Class Member equitably.

## CONCLUSION

For the foregoing reasons, plaintiff and Class Counsel respectfully request that the Court enter a final judgment approving the Settlement.

[Signature page follows]

Dated: February 14, 2025

Respectfully submitted,

*/s/ William D. Marler*
_____
MARLER CLARK, INC. P.S.
1012 First Avenue, Fifth Floor
Seattle, WA 98104
Telephone: (206) 346-1888
bmarler@marlerclark.com

Paul V. Nunes (Bar Roll # PN2853)
HEISMAN NUNES & HULL LLP
1603 Empire Blvd., Suite 3B
Webster, NY 14580-2182
Telephone: (585) 270-6922
pnunes@nhhattorneys.com

James R. Peluso (Bar Roll # JP2875)
DREYER BOYAJIAN LLP
75 Columbia Street
Albany, New York 12210
Telephone: (518) 463-7784
jpeluso@dblawny.com

Joseph E. O'Connor (Bar Roll # JO5185)
O'CONNOR & PARTNERS, PLLC
255 Wall Street, Kingston, NY 12401
Telephone: (845) 303-8777
joconnor@onplaw.com

Jeffrey A. Bowersox
BOWERSOX LAW FIRM, P.C.
385 1st Street, Suite 215
Lake Oswego, OR 97034
Telephone: (503) 452-5858
jeffrey@bowersoxlaw.com