UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BREEANNE BUCKLEY PENI, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>v.<br><br>DAILY HARVEST, INC., SECOND BITE FOODS, INC., d/b/a "STONE GATE FOODS", SMIRK'S LTD., AND MOLINOS ASOCIADOS<br><br>                  Defendants. | Civil Action No. 22-cv-05443<br><br>**FINAL JUDGMENT** |

WHEREAS, Plaintiff's Motion for Final Approval of Class Action Settlement came on for hearing before this Court on March 3, 2025, with Class Counsel Marler Clark, Inc. PS, Dreyer Boyajian LLP, O'Connor & Partners, PLLC, Heisman Nunes & Hull LLP, and Bowersox Law Firm, P.C. ("Class Counsel") appearing on behalf of Breeanne Buckley Peni ("Class Representative" or "Plaintiff"), Haworth Barber & Gerstman LLC appearing on behalf of Smirk's Ltd. ("Smirk's"), and Bond Schoeneck & King PLLC, appearing on behalf of Molinos Asociados, ("Molinos"; together with Smirk's, the "Settling Defendants") (collectively, the "Settling Parties" or "Parties").

WHEREAS, on June 27, 2022, plaintiff Breeanne Buckley Peni filed a Class Action Complaint alleging Strict Liability, Breach of Warranty, and Negligence against Daily Harvest, Inc., in the Southern District of New York in a case styled *Breeanne Buckley Peni, individually and on behalf of all others similarly situated, v. Daily Harvest, Inc., et al.* Case No. 1:22-cv-05443.

WHEREAS, around this same time, a number of Related Actions were filed against the Settling Defendants. Those filed in federal court were transferred to the District Court for the Southern District of New York and assigned to the Court. Those filed in New York State Supreme Court have been consolidated for discovery purposes and remain in that Court; and since

that time, they have been following the directives of the Hon. Denise Cote of the Southern District of New York in these proceedings.

WHEREAS, on April 28, 2023, the District Court for the Southern District of New York entered a Coordination Order for all Related Actions in the Daily Harvest Litigation.

WHEREAS, the Parties have submitted their Motion for Preliminary Approval of Class Action Settlement and supporting documents ("Settlement"), which this Court preliminarily approved on October 9, 2024 ("Preliminary Approval Order").

WHEREAS, the Preliminary Approval Order established an Opt-Out deadline of December 11, 2024, and a Claims Deadline and Objections Deadline of January 21, 2025.

WHEREAS, in accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to or exclude themselves from its provisions.

WHEREAS, having received and considered the Settlement, all papers filed in connection therewith, including Plaintiff's Motion for Final Approval of Class Action Settlement, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing on March 3, 2025, the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. <u>Incorporation of Other Documents</u>. The Class Action Settlement Agreement, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and

over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons in the United States (including its territories) who purchased, received, or consumed French Lentil + Leek Crumbles and directly suffered personal injuries caused by consumption of the Crumbles, and all persons in the United States (including its territories) who suffered consequential monetary damages arising from or related to another person's personal injuries arising from consumption of the Crumbles.

Excluded from the Settlement Class are: (1) the presiding judges in the Actions; (2) any member of those judges' immediate families; (3) the Settling Defendants; (4) any of the Settling Defendants' subsidiaries, parents, affiliates, and officers, directors, current employees, legal representatives, heirs, successors, or assigns; and (5) counsel for the Parties. Also excluded are the three individuals who validly opted out of the Settlement Class: Linda Hallquist, Dominique Ingram, and Bob Nabati.

3.  Class Certification. The Court finds and determines that the Settlement Class, as defined in the Settlement Agreement and above, meets all of the legal requirements for class certification for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3), and it is hereby ordered that the Class is certified for settlement purposes.

4.  Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds as to the Settlement Class with respect to all aspects of the Settlement Agreement that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claims of the Class Representative are typical of the claims of the Settlement Class;

  d. The Class Representative has fairly and adequately protected the interests of the Settlement Class and is, therefore, appointed as Class Representative;

  e. Marler Clark, Inc. PS, Dreyer Boyajian LLP, O'Connor & Partners, PLLC, Heisman Nunes & Hull LLP, and Bowersox Law Firm, P.C. have fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel;

  f. The questions of law and fact common to the Settlement Class predominate over the questions affecting only individual members; and

  g. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. <u>Adequate Representation</u>. The Court orders that Class Representative Breeanne Buckley Peni be appointed as Representative Plaintiff and as the Class Representative. The Court also orders that Marler Clark, Inc. PS, Dreyer Boyajian LLP, O'Connor & Partners, PLLC, Heisman Nunes & Hull LLP, and Bowersox Law Firm, P.C. be appointed Class Counsel. The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of the absent Settlement Class Members, both with respect to litigation of the Action and for purposes of negotiating, entering into, and implementing the Settlement. Class Counsel and the Settlement Class Representatives have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

6. <u>Arms-Length Negotiations</u>. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the value of the Settlement, and the relative risks and benefits of further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including three mediations.

7. <u>Class Notice</u>. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied. The Court finds that the approved Notice Plan has been satisfactorily and substantially implemented.

8. The Court finds that distribution of the Notice in the manner set forth in the Settlement Agreement constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Class. The Court finds that such notice complies with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws. The Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Class and the Settlement; and (4) the location and date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

9. The Court finds and determines that the notice procedure carried out by the Settlement Administrator afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice has satisfied the requirements of law and due process.

10. <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement and finds that the terms constituted, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Fed. R. Civ. P. 23 and direct consummation pursuant to its terms and conditions.

11. The Court finds that the Settlement Agreement provides substantial and meaningful monetary benefits and other consideration to the Settlement Class as follows: Settling Defendants agreed to provide cash benefits with a gross potential payout value of $7,671,000 (seven million, six hundred and seventy-one thousand dollars) in the aggregate. $767,100 of the cash benefit was held back by the Settling Defendants, pursuant to the terms of the Settlement Agreement. The balance of the Class Action Hold Back Amount shall be deposited into the Settlement Fund after the Settling Defendants litigate to conclusion or otherwise resolve the claims of those who have opted out of the Settlement, or by December 31, 2026, whichever is later.

12.	The Court finds that the settlement treats Settlement Class Members equitably relative to one another, and that the Settlement Benefits to be paid to each Settlement Class Member as provided for by the Settlement are fair and reasonable.

13.	The manner of distribution of the Settlement Fund as described in the Settlement Agreement and in the Class Notice is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Settlement Fund, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

14.	<u>Attorneys' Fees</u>. Neither Class Counsel nor any other attorney representing a Settlement Class Member or an individual who opts out shall be entitled to an award of attorney's fees directly from the Settlement Fund or the Settling Defendants. Neither the Settling Defendants nor any other Released Party shall have any responsibility for the payment of any Plaintiffs' or Class Members' past or future attorneys' fees or costs. Class Counsel and the attorneys for individual Class Members shall be compensated pursuant to the respective retainer agreements between Plaintiffs, Class Members, and their respective counsel (if any). The Settlement Administrator shall make any Settlement Benefit owed to a Claimant payable in the name of the Claimant and/or their attorneys for the Claimant's benefit (if any). Any division of a settlement payment between a Claimant and/or their respective counsel is to be determined by such persons and any such division, or any dispute in relation to such division, shall in no way affect the validity of this Agreement, any Release, or any Released Claim.

15.	If a Class Member is not represented by counsel and does not have an attorney lien resulting from previous representation relating to the Litigation, then any Monetary Benefit awarded to said Unrepresented Claimant shall be reduced by one-third (1/3) under the terms of the Settlement Agreement. The Court finds that Plaintiff and the Class Counsel's application to impute a 1/3 attorney's fee award for any Monetary Benefit paid to Unrepresented Claimants and

to deposit the value of said fee award back into the Settlement Fund for the common benefit of all Claimants, is fair and reasonable and treats each Class Member equitably in the allocation of the Settlement Funds.

16. **Dismissal.** This Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiffs and all members of the Settlement Class as against Settling Defendants on the terms and conditions set forth in the Settlement Agreement without costs to any party, except as expressly provided for in the Settlement Agreement.

17. **Release.** Upon the Effective Date as defined in the Settlement Agreement, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Class Representative afforded under Section 1542 of the California Civil Code and any other similar, comparable, or equivalent laws, are terminated.

18. **Injunction Against Released Claims.** Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

19. **Effect of Termination or Reversal.** If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Settling Defendants or the Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Classes will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be

considered as a factor in connection with any subsequent class certification issues.

20. <u>Settlement as Defense</u>.  In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by a Settling Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21. <u>Retention of Jurisdiction</u>. Without affecting the finality of this Final Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, distribution of funds, and enforcement of the Settlement.

22. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order.

23. The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement until the Settlement is fully and finally administered.

24. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: _March 11, 2025_                 _____
                                                                The Honorable Denise Cote
                                                                United States District Judge