UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Breeanne Buckley Peni, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>DAILY HARVEST, INC., SECOND BITE FOODS, INC. d/b/a "STONE GATE FOODS", AND MOLINOS ASOCIADOS SAC,<br>            Defendants. | Civil Action No. 22-cv-05443<br><br>Honorable Denise Cote |

### SETTLEMENT ADMINISTRATOR'S REPORT AND RECOMMENDATION FOR ENTRY OF A HIPPAA QUALIFIED PROTECTIVE ORDER

  This matter has been opened to the undersigned Court on application by Edgar C. Gentle, III, Esq. of Gentle, Turner & Benson, LLC, whom the Court has appointed to act and serve as the Daily Harvest Crumbles Settlement Administrator and the Smirk's-Molinos Crumbles Settlement, requesting that the Court enter a HIPAA Qualified Protective Order in the form attached to this recommendation as Exhibit "A" to assist and facilitate the Settlement Administrator's efficient, orderly and economical identification and resolution of outstanding valid medical expense payment liens against Qualified Class Members'[1] approved settlement distribution in accordance with the lien resolution requirements of the Court approved Daily Harvest Crumbles Settlement Program and the Smirk's-Molinos Crumbles Settlement Program (the "Settlement Programs"), and the Class Action Settlement Agreements (the "Settlement Agreements").

---

[1] "'Qualified Class Member' means a Settlement Class Member who submits a timely completed Proof of Claim Form that the Settlement Administrator, in consultation with the Settling Parties, determines satisfies all the Eligibility Requirements required by this Settlement. Subject to Court approval of the Settlement, a Qualified Class Member will be entitled to a Monetary Benefit from the Settlement in an amount to be determined by the Settlement Administrator." Paragraph 1.32 of the Class Action Settlement Agreement. (Document 74-2).; *see also* Paragraph 1.34 of the Class Action Settlement Agreement. (Document 108-1).

**Finding and Recommendation**

Pursuant to the Settlement Administrator's powers and authority granted under the Agreements to carry out the fair, efficient and orderly administration of the Settlement Agreements and distribution of the Settlement Funds under the terms of the Settlement Programs, the undersigned has determined that there is a need for the requested HIPAA Qualified Protective Order and that good cause exists for its entry by the Court. Accordingly, the undersigned enters this REPORT and RECOMMENDATION to the Court recommending that a HIPAA Qualified Protective Order in the form set out in Exhibit A hereto be approved and entered of record by the Court.

Dated: <u>25th day of April, 2025</u>

Respectfully submitted,

_____

Edgar C. Gentle, III

*Settlement Administrator for the*
*Daily Harvest Crumbles Settlement*

*Settlement Administrator for the*
*Smirk's-Molinos Crumbles Settlement*

Gentle, Turner & Benson, LLC
501 Riverchase Parkway East, Suite 100
Hoover, Alabama 35244
(205) 716-3000
egentle@gtandslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 25th, 2025</u>, at the direction and on behalf of the Settlement Administrator, Edgar C. Gentle, III, I served the foregoing Settlement Administrator's Report and Recommendation for Entry of a HIPAA Qualified Protective Order and proposed HIPAA Qualified Protective Order to all Counsel of Record via ECF.

Dated: <u>25th day of April,  2025</u>.

Respectfully submitted,

_____

Edgar C. Gentle, III

*Settlement Administrator for the*
*Daily Harvest Crumbles Settlement*

*Settlement Administrator for the*
*Smirk's-Molinos Crumbles Settlement*

Gentle, Turner & Benson, LLC
501 Riverchase Parkway East, Suite 100
Hoover, Alabama 35244
(205) 716-3000
egentle@gtandslaw.com

# EXHIBIT A

# Proposed HIPAA Qualified Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Breeanne Buckley Peni, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br> v.<br><br>DAILY HARVEST, INC., SECOND BITE FOODS, INC. d/b/a "STONE GATE FOODS",  AND MOLINOS ASOCIADOS SAC,<br><br>          Defendants. | Civil Action No. 22-cv-05443<br><br>Honorable Denise Cote |

## HIPAA – QUALIFIED PROTECTIVE ORDER

    Before this Court is the Settlement Administrator's unopposed report and recommendation for entry of a Qualified Protective Order. By Orders dated May 22, 2024, and October 9, 2024, this Court appointed Edgar C. Gentle, III, to serve as the Settlement Administrator for the Daily Harvest Crumbles Settlement and the Smirk's-Molinos Crumbles Settlement (the "Settlements").[1] As part of his duties, the Settlement Administrator will resolve Qualified Class Members'[2] health insurance reimbursement claims and/or liens in the Settlements. Under the terms of the Settlement Agreements and the Payment of Settlement Checks, the Parties have appointed the Settlement Administrator to implement and administer the claim and/or lien identification and resolution process for all Qualified Class Members, including those of deceased Qualified Class Members'

---

[1]   Section 11 Order Granting Preliminary Approval of Settlement. (Document 77). Section 12 Order Granting Preliminary Approval of Settlement. (Document 110).

[2]   "'Qualified Class Member' means a Settlement Class Member who submits a timely completed Proof of Claim Form that the Settlement Administrator, in consultation with the Settling Parties, determines satisfies all the Eligibility Requirements required by this Settlement. Subject to Court approval of the Settlement, a Qualified Class Member will be entitled to a Monetary Benefit from the Settlement in an amount to be determined by the Settlement Administrator." Paragraph 1.32 of the Class Action Settlement Agreement. (Document 74-2).; *see also* Paragraph 1.34 of the Class Action Settlement Agreement. (Document 108-1).

Estates and/or their heirs. Specifically, the Parties have appointed the Settlement Administrator to perform the following duties and functions in the Settlements: (1) the authority to act as agent for the benefit of all Qualified Class Members for purposes of claim and/or lien resolution; (2) the authority to provide to, receive from, and disclose to/from Payers (defined below) certain protected health information ("PHI") and personal identifiable information ("PII") related to Qualified Class Members in the above-captioned action and Settlements; (3) the authority to resolve any and all potential recovery claims for medical items, services, and/or prescription drugs with Governmental Payers[3], Medicaid Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively, "Payers") associated with the above-captioned action; and (4) the PHI, PII and potential recovery claims are acceptable in data file formats and other electronic means.

### Specific Requirement for the Centers for Medicare and Medicaid Services

The Parties have appointed the Settlement Administrator as the exclusive agent of Plaintiffs' Counsel for the benefit of all Qualified Class Members in the Settlements, including deceased Qualified Class Members' Estates and/or their heirs, in the above-captioned action for purposes of claim and/or lien identification and resolution of any and all potential recovery claims for medical items, services, and/or prescription drugs with Payers associated with any settlements arising out of the above-captioned action. The Parties have vested the Settlement Administrator with the exclusive authority to administer a process with CMS for the identification and resolution

---

[3] Governmental Payers means any federal, state, or other governmental body or agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include CMS, the Medicare Secondary Payer Department, and the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"); Veteran's Administration, Defense Health Agency (previously managed by TRICARE), and Indian Health Services.

of Medicaid fee-for-service reimbursement claims on behalf of all Qualified Class Members who are or were Medicaid entitled.

Having considered the Settlement Administrator's Motion, and the requirements of law, the Court **GRANTS** the Motion as follows:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. As Plaintiffs' Counsel's agent in this action with respect to lien identification and resolution, the Settlement Administrator shall resolve any and all potential Medicaid fee-for-service claim(s) related to settlements, judgments, awards, or other payments associated with the above-captioned action for those Qualified Class Members who are or were Medicaid beneficiaries. Qualified Class Members in the Settlements have been informed that as the agent, the Settlement Administrator has the authority to act in such capacity for the benefit of all Qualified Class Members to resolve any and all Medicaid reimbursement obligations, consistent with federal law.[4] Qualified Class Members have further been informed that as a condition of participation in any settlement agreement related to the above-captioned action, each Qualified Class Members has agreed to the Settlement Administrator's protocols for global resolution which specify that every Qualified Class Member is bound to the terms of a global resolution of all Medicaid claims, and understands that certain individual rights have been waived, including, but not limited to, the right to seek a waiver, compromise, and/or appeal of Medicaid's reimbursement claim.

2. With regard to Medicaid fee-for-service, the Settlement Administrator shall provide CMS with a final and verified list of qualified Medicaid enrolled beneficiaries.

3. The Settlement Administrator is authorized to provide to, receive from, and disclose to Payers lists of Qualified Class Members in the Settlements, and related information, which identifies those Payers that have or may have asserted against such Qualified Class Members a

---

[4] *See* 42 C.F.R. §405.910.

lien, claim, or right of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any type for injury-related medical items, services, and/or prescription drugs paid on their behalf.

4. The Settlement Administrator is further authorized to perform all duties and functions identified in the preceding paragraphs in this Order, including but not limited to, identifying and resolving potential recovery claims related to Qualified Class Members in this action for medical items, services, and/or prescription drugs with all entities defined as Payers herein by means necessary, as determined by the Settlement Administrator including, but not limited to, en masse data submissions with Payers designed to identify healthcare coverage and related claims itemizations for Qualified Class Members, requesting information from relevant parties and accessing internet-based healthcare coverage information sources including, but not limited to, mymedicare.gov.

5. This Order shall apply to the use of all information related to Qualified Class Members that the Settlement Administrator creates, provides to, receives from, and discloses to Payers that is or may be protected under HIPAA and its amendments[5], or other applicable federal or state law, including all Protected Health Information and Personal Identifiable Information, as defined in 45 C.F.R. §160.103.[6] The Settlement Administrator is specifically authorized to provide to, receive from, and disclose to Payers lists of Qualified Class Members and related information,

---

[5] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

[6] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled Qualified Class Members, information related to Qualified Class Members' eligibility for and entitlement to benefits under the Medicare Program and Medicaid Program and information related to health care services rendered, including the payment of such services.

in lieu of providing copies of individual HIPAA authorizations and information on a Member-by-Member basis.

Dated: _____ day of _____, 2025.

                                           /s_____

                                         The Honorable Denise Cote
                                         United States District Judge