UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Breeanne Buckley Peni, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DAILY HARVEST, INC., SECOND BITE FOODS, INC. d/b/a "STONE GATE FOODS", AND MOLINOS ASOCIADOS SAC,<br><br>Defendants. | Civil Action No. 22-cv-05443<br><br>Honorable Denise Cote |

## **AMENDED HIPAA – QUALIFIED PROTECTIVE ORDER**

Before this Court is the Settlement Administrator's unopposed motion to amend the Qualified Protective Order entered by the Court on April 29, 2025. By Orders dated May 22, 2024, and October 9, 2024, this Court appointed Edgar C. Gentle, III, to serve as the Settlement Administrator for the Daily Harvest Crumbles Settlement and the Smirk's-Molinos Crumbles Settlement (the "Settlements").[1] As part of his duties, the Settlement Administrator will resolve Qualified Class Members'[2] health insurance reimbursement claims and/or liens in the Settlements. Under the terms of the Settlement Agreements and the Payment of Settlement Checks, the Parties have appointed the Settlement Administrator to implement and administer the claim and/or lien identification and resolution process for all Qualified Class Members, including those of deceased

---

[1] Section 11 Order Granting Preliminary Approval of Settlement. (Document 77). Section 12 Order Granting Preliminary Approval of Settlement. (Document 110).

[2] "'Qualified Class Member' means a Settlement Class Member who submits a timely completed Proof of Claim Form that the Settlement Administrator, in consultation with the Settling Parties, determines satisfies all the Eligibility Requirements required by this Settlement. Subject to Court approval of the Settlement, a Qualified Class Member will be entitled to a Monetary Benefit from the Settlement in an amount to be determined by the Settlement Administrator." Paragraph 1.32 of the Class Action Settlement Agreement. (Document 74-2).; *see also* Paragraph 1.34 of the Class Action Settlement Agreement. (Document 108-1).

Qualified Class Members' Estates and/or their heirs. Specifically, the Parties have appointed the Settlement Administrator to perform the following duties and functions in the Settlements: (1) the authority to act as agent for the benefit of all Qualified Class Members for purposes of claim and/or lien resolution; (2) the authority to provide to, receive from, and disclose to/from Payers (defined below) certain protected health information ("PHI") and personal identifiable information ("PII") related to Qualified Class Members in the above-captioned action and Settlements; (3) the authority to resolve any and all potential recovery claims for medical items, services, and/or prescription drugs with Governmental Payers[3], Medicaid Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively, "Payers") associated with the above-captioned action; and (4) the PHI, PII and potential recovery claims are acceptable in data file formats and other electronic means.

### Specific Requirement for the Centers for Medicare and Medicaid Services

The Parties have appointed the Settlement Administrator as an agent of Plaintiffs' Counsel for the benefit of all Qualified Class Members in the Settlements, including deceased Qualified Class Members' Estates and/or their heirs, in the above-captioned action for purposes of claim and/or lien identification and resolution of any and all potential recovery claims for medical items, services, and/or prescription drugs with Payers associated with any settlements arising out of the above-captioned action. The Parties have vested the Settlement Administrator with authority to administer a process with CMS for the identification and resolution of Medicaid fee-for-service

---

[3] Governmental Payers means any federal, state, or other governmental body or agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include CMS, the Medicare Secondary Payer Department, and the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"); Veteran's Administration, Defense Health Agency (previously managed by TRICARE), and Indian Health Services.

**EXHIBIT A**

reimbursement claims on behalf of all Qualified Class Members who are or were Medicaid entitled.

### Bowersox Law Firm, P.C. Plaintiffs

Bowersox Law Plaintiffs have retained Bowersox Law Firm, P.C. to represent them in the Settlements. Bowersox Law Firm, P.C. has the authority to resolve Bowersox Law Plaintiffs' health insurance reimbursement claims and/or liens related to the Settlements to perform the following duties and functions in the Settlements: (1) the authority to act as agent for the benefit of all Qualified Bowersox Law Plaintiffs for purposes of claim and/or lien resolution; (2) the authority to provide to, receive from, and disclose to/from Payers (defined below) certain protected health information ("PHI") and personal identifiable information ("PII") related to Qualified Bowersox Law Plaintiffs in the above-captioned action and Settlements; (3) the authority to resolve any and all potential recovery claims for medical items, services, and/or prescription drugs with Governmental Payers, Medicaid Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively, "Payers") associated with the above-captioned action; and (4) the PHI, PII and potential recovery claims are acceptable in data file formats and other electronic means.

This includes the authority to retain Synergy Settlement Services ("Synergy"), a third-party lien resolution company, to implement and administer the settlement agreement related to the above-captioned action regarding claim and/or lien identification and resolution for all Bowersox Law Plaintiffs and assist with obtaining from potential lienholders the final lien resolution documents to be promptly provided to the Settlement Administrator prior to Settlement Funds being released.

EXHIBIT A

The Settlement Administrator will still complete CMS Medicare Verification of Eligibility checks for all Qualified Class Members, including Bowersox Law Plaintiffs, prior to payment processing to ensure compliance with the Medicare Secondary Payer Act, and retains the authority to resolve any potential Medicare liens for each Medicare eligible Bowersox Law Plaintiff, whether individually, or under the terms of a global resolution, if reached.

Having considered the Settlement Administrator's Motion, and the requirements of law, the Court **GRANTS** the Motion as follows:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. As Plaintiffs' Counsel's agent in this action with respect to lien identification and resolution, the Settlement Administrator shall resolve any and all potential Medicaid fee-for-service claim(s) related to settlements, judgments, awards, or other payments associated with the above-captioned action for those Qualified Class Members who are or were Medicaid beneficiaries. Qualified Class Members in the Settlements have been informed that as the agent, the Settlement Administrator has the authority to act in such capacity for the benefit of all Qualified Class Members to resolve any and all Medicaid reimbursement obligations, consistent with federal law.[4] Qualified Class Members have further been informed that as a condition of participation in any settlement agreement related to the above-captioned action, each Qualified Class Members has agreed to the Settlement Administrator's protocols for global resolution which specify that every Qualified Class Member is bound to the terms of a global resolution of all Medicaid claims, and understands that certain individual rights have been waived, including, but not limited to, the right to seek a waiver, compromise, and/or appeal of Medicaid's reimbursement claim.

---

[4] *See* 42 C.F.R. §405.910.

EXHIBIT A

2. The Settlement Administrator is authorized to provide to, receive from, and disclose to Payers lists of Qualified Class Members in the Settlements, and related information, which identifies those Payers that have or may have asserted against such Qualified Class Members a lien, claim, or right of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any type for injury-related medical items, services, and/or prescription drugs paid on their behalf.

3. The Settlement Administrator is further authorized to perform all duties and functions identified in the preceding paragraphs in this Order, including but not limited to, identifying and resolving potential recovery claims related to Qualified Class Members in this action for medical items, services, and/or prescription drugs with all entities defined as Payers herein by means necessary, as determined by the Settlement Administrator including, but not limited to, en masse data submissions with Payers designed to identify healthcare coverage and related claims itemizations for Qualified Class Members, requesting information from relevant parties and accessing internet-based healthcare coverage information sources including, but not limited to, mymedicare.gov.

4. This Order shall apply to the use of all information related to Qualified Class Members that the Settlement Administrator creates, provides to, receives from, and discloses to Payers that is or may be protected under HIPAA and its amendments[5], or other applicable federal or state law, including all Protected Health Information and Personal Identifiable Information, as

---

[5] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

EXHIBIT A

defined in 45 C.F.R. §160.103.[6] The Settlement Administrator is specifically authorized to provide to, receive from, and disclose to Payers lists of Qualified Class Members and related information, in lieu of providing copies of individual HIPAA authorizations and information on a Member-by-Member basis.

5. As is relates to Bowersox Law Plaintiffs, Bowersox Law Firm, P.C. and Synergy are authorized to perform all duties and functions identified in the preceding paragraphs in this Order, including but not limited to, identifying and resolving potential recovery claims related to Bowersox Law Plaintiffs for medical items, services, and/or prescription drugs with all entities defined as Payers herein, by means necessary to identify healthcare coverage and related claims itemizations for Bowersox Law Plaintiffs, requesting information from relevant parties, accessing internet-based healthcare coverage information sources, and disclosing to Payers lists of Bowersox Law Plaintiffs and related information, in lieu of providing copies of individual HIPAA authorizations and information on a Plaintiff-by-Plaintiff basis.

6. In addition to Synergy, the Settlement Administrator will also maintain authorization for the purpose of oversight and final verification and/or resolution of any potential Medicare liens for each Medicare eligible Bowersox Law Plaintiff, whether individually, or under the terms of a global resolution, if reached.

Dated: 15th day of October, 2025.

_____
The Honorable Denise Cote
United States District Judge

---

[6] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled Qualified Class Members, information related to Qualified Class Members' eligibility for and entitlement to benefits under the Medicare Program and Medicaid Program and information related to health care services rendered, including the payment of such services.

**EXHIBIT A**