# MARLER CLARK
=== THE FOOD SAFETY LAW FIRM ===

**MARLER CLARK INC., PS | 180 Olympic Dr S.E., Bainbridge Island, WA 98110**
**TEL 1.206.346.1888 | FAX 1.206.346.1898 | EMAIL marler@marlerclark.com | WEB marlerclark.com**

WILLIAM D. MARLER, ESQ.
WRITER'S DIRECT LINE:
(206) 346-1890
BMARLER@MARLERCLARK.COM

November 14, 2025

**VIA ECF**

Hon. Denise Cote, District Judge
United States District Court
Southern District of New York
500 Pearl Street, Rm. 1910
New York, NY 10007

*[Handwritten note: The defendants shall confer with plaintiffs' counsel and thereafter respond by November 21 at noon to the requests in this letter. Denise Cote 11/17/25]*

RE: *PENI V. DAILY HARVEST, INC., ET AL.*, CIVIL ACTION NO.: 22-CV-05443-DLC

Dear Judge Cote:

We are responding to defendants' letters to the Court in response to Class Counsel's request for the Settling Defendants to release the remaining "hold back" funds by December 31, 2025. (ECF 172, ECF 312 (*sic*) and 174).

Consistent with our responsibility as Class Counsel, we are trying to secure payments to class members on a timely basis. We write to give more context to Class Counsel's request that defendants' release "hold back" funds. We believe our request is reasonable and fully supported by the language of the settlement agreements and the Court's final judgments. Let us respond to the points raised by defendants Daily Harvest and Stone Gate first, then Smirk's separately.

The agreement with defendants Daily Harvest and Stone Gate (paragraph 24) reads in full as follows:

> "The Settling Defendants, through their respective Settling Insurers, shall pay into the Settlement Fund the balance of the Hold Back Amount not reasonably used by them to resolve Opt-Out claims, arbitration, or litigation by December 31, 2025, or once all of the Opt-Out claims or Opt-Out litigation are resolved, whichever date is later. Such balance shall be distributed to all Qualified Claimants on a pro rata basis within 30 days thereafter."

The words "Opt-Out claims, arbitration, or litigation" in the agreement refer to actual "claims, arbitration and litigation," not potential, or theoretical ones. Class Counsel is asking the defendants to identify the actual claims, arbitrations, or litigation that exist (i.e. affirmatively asserted, scheduled or pending) which merit the Settling Defendants' retention of hold back funds past December 31, 2025, the date these monies should be deposited into the Settlement Fund to be

1

disbursed to the real claims asserted by Class Members as determined by the Settlement Claims Administrator.

In essence, Class Counsel is asking that the Settling Defendants Daily Harvest and Stone Gate identify and show some proof that these "claims, arbitration[s] and litigation" of these eight Opt-Outs are not merely theoretical but exist to justify their retention of the holdback monies beyond the agreed upon December date.

To read the agreement as the Settling Defendants argue, one would have to deem that the releasing of the holdback monies "by December 31, 2025" was never a possibility, i.e. that the date is decorative and totally superfluous. According to the Settling Defendants, the only operative language relating to the timing of the payment of the holdback is that it is not paid until "once all of the Opt-Out claims or Opt-Out litigation are resolved." The reference to December 31, 2025, was not even an aspirational date. Under their analysis there was no possibility of the holdback money ever being paid on December 31, 2025, but only on some later date. That reading is on its face absurd. The only way the reference to the December 31, 2025 date has meaning is if one understands that the holdback exists to guard against real claims, not potential ones. And that if they were not filed or in some way asserted before December 31, 2025, then the holdback would no longer be available to pay those potential claims.

Upon further research regarding the applicable statute of limitations, we believe that New York courts apply their own limitations period even when the underlying injury occurred outside the state. *See SOCAR v. Boeing Co.*, 144 F. Supp. 3d 391, 395-96 (E.D.N.Y. 2015); *Stafford v. Int'l Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981).

At the same time, New York law provides that when a cause of action arises outside New York, the court must apply the *shorter* limitations period of either New York or the state where the cause of action accrued. "[W]hen a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998).[1]

Therefore, because the *Peni* class action claims arise from personal injuries, the applicable statute of limitations is the shorter of: (1) New York's three-year personal injury limitations period, or (2) the limitations period of the state in which the injury occurred.

Here, all the persons who appear to have the right to assert claims have been identified. There are eight and they are listed in our letter to defense counsel (ECF 167). But Class Counsel is wholly unaware of any claims being asserted by any one of them. And counsel for the Settling Defendants Daily Harvest and Stone Gate have offered no information about any potential claims against them.

Defense counsel for Daily Harvest has also referenced the language of the Final Judgment (ECF 138) in support of its position. However, Class Counsel's request is not at odds with the Final Judgement which states:

---

[1] All eight Opt-outs are in jurisdictions where the statute of limitations for personal injuries is three years or less.

2

"The balance of any Hold Back Amount shall be deposited into the Settlement fund after the Settling Defendants litigate to conclusion or otherwise resolve the claims of those who have opted out of the Settlement, or after two years from the date of this Final Judgement, whichever is sooner."

We all know the eight who have opted out. And of the eight, two have indicated that they have no intention of asserting a claim. What Class Counsel does not know is whether the remaining six have asserted a claim in any context in any forum against Daily Harvest and/or Stone Gate. We suspect that none of the opt-outs has asserted a claim. And it is gainsaid that there would be no Final Judgement on a claim that does not exist. Thus, the earlier date controls.

Regarding defendant Smirk's, there are two separate "hold back" accounts (as described in our letter of October 31, 2025). One, which totals $753,712.16, relates to claims wholly unrelated to the tara-flour Crumbles litigation. The second, which totals $767,100.00, relates to potential claims from those who have opted out of the Class Action Settlement.

The first "hold back" account has no triggering date per se. The moneys are due upon the "resolution of the pending claims against Smirk's". We respectfully request that Smirk's be clearer about the status of these claims as Class Members have the right to receive as full a measure of compensation as possible as soon as possible under the terms of the Settlement Agreement. Smirk's should fully and completely account for the status of these claims and "pay the remainder of the unpaid amount to the Qualified Settlement Fund…."

Regarding the second "hold back", Class Counsel's concerns regarding Smirk's (on more reflection) may not yet be ripe for this Court's consideration. As counsel for Smirk's correctly points out in his letter to the Court, the focal date which would trigger payment of the balance of the Class Action Hold Back Amount is not the same as that of Daily Harvest and Stone Gate. It is a year later, December 31, 2026. At the same time, we believe that there are only two opt outs that have asserted claims (as also described in our October 31, 2025, letter to the Court); one of them we believe is a former employee of Daily Harvest. We also believe that the applicable statute of limitations for one or both claims may have expired. Accordingly, we ask Smirk's to provide a detailed report about the status of these claims.

Should the Court have any questions, we would welcome a conference call with the Court, and/or Magistrate Cave, and all interested parties to discuss.

Respectfully Submitted,

**MARLER CLARK, INC., PS**

By: /s/ William D. Marler
William D. Marler, Esq.
admitted *pro hac vice*
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
Telephone: (206) 346-1888
bmarler@marlerclark.com

*Attorneys for the Plaintiff*

cc: All Counsel via ECF