

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
212-248-3191 direct

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

faegredrinker.com

November 21, 2025

**BY ECF**

Honorable Denise L. Cote
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

*Peni v. Daily Harvest, Inc., et al.*, Civ. No. 22-cv-5443 (DLC)

Dear Judge Cote:

I represent defendant Daily Harvest, Inc. ("Daily Harvest"), and I am writing with the consent and agreement of counsel for defendant Stone Gate Foods and counsel for the Settlement Class (collectively, the "Parties).  Pursuant to Your Honor's recent Order (Dkt. No. 177), the Parties conferred regarding Settlement Class counsel's request for release of the Settlement Agreement's "Hold Back Amount."  Although the Parties continue to have differing views on some issues, they agree that no action from the Court is necessary or appropriate at this time.  The Parties will continue to meet-and-confer about the Hold Back Amount in the coming months.

The Parties agree that all possible claims under New York law have become time barred.  The Parties further agree that New York law should apply to any potential claims against (at least) Daily Harvest because of the New York choice of law clause in the Daily Harvest Terms of Service, to which all purchases of "Crumbles" necessarily agreed.  Most of the people who validly opted out of the settlement class, however, do not reside in New York.  That creates a risk of arguments against application of New York law.  Stone Gate Foods would argue that claims against it are governed by Daily Harvest's online terms, too, but if that argument does not succeed and a non-New York plaintiff proceeds with a claim against either defendant, that defendant would attempt to implead the other.  In Daily Harvest's and Stone Gate Foods' view, the Settlement Agreement permits them to retain the Hold Back Amount until these risks abate.  Class Counsel do not necessarily subscribe to the same view of the Settlement Agreement, or of the risks the defendants face, but agree that any dispute is not ripe for adjudication.

Respectfully submitted,

*/s/ Jeffrey S. Jacobson*

Jeffrey S. Jacobson

cc: All counsel (by ECF)